# No. 24-1399

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Onwy Uzoigwe,
*Plaintiff-Appellant,*

v.

Charter Communications, LLC,
*Defendant-Appellee.*

On Appeal from the United States District Court
For the Eastern District of New York
No. 23-CV-7383-HG-LB (Hon. Hector Gonzalez)

**DEFENDANT-APPELLEE'S STATEMENT REGARDING APPELLANT'S BELATEDLY FILED APPENDIX**

ORAL ARGUMENT NOT REQUESTED

Shawna M. Miller
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Telephone: (404) 400-7300
smiller@kcozlaw.com

*Counsel for Defendant-Appellee*
*Charter Communications, LLC*

Nearly one month after Plaintiff-Appellant Onwy Uzoigwe ("Uzoigwe") filed his second supplemental appendix, which was still non-compliant, and three days *after* Defendant-Appellee Charter Communications, LLC ("Charter") filed its Appellee Brief and Supplemental Appendix—which raised Uzoigwe's failure to file a compliant appendix as required by the Federal Rules of Appellate Procedure ("FRAP") and Second Circuit Local Rules—Uzoigwe has requested leave to file yet another appendix. Charter submits this brief statement confirming that it does not consent to Uzoigwe's request as his failure in this regard is just one of the myriad of defects with Uzoigwe's Appellant's Brief. As Charter noted in its Appellee's Brief, Uzoigwe's disregard of multiple procedural requirements (including the non-compliant appendices) prejudiced Charter's ability to respond to his disjointed brief. For the reasons set forth below, the Court should deny Uzoigwe's untimely request, and disregard Uzoigwe's brief in its entirety.

Federal Rule of Appellate Procedure 30(a)(3) requires appellants to file the appendix <u>with</u> the appellant's brief.[1] An appellant may not file an appendix after filing the appellant's brief without court approval. *See* FRAP 30(c); Local Rule 30.1(c). This Court admonishes litigants who unreasonably and vexatiously increase litigation costs by including unnecessary material in the appendix. L.R. 30.1(f).

---

[1] There is an exception to this requirement if the appellant is proceeding *in forma pauperis*, which Uzoigwe is not.

Here, Charter does not consent to Uzoigwe's request, because (i) Uzoigwe has already filed numerous non-compliant appendices,[2] (ii) Uzoigwe should have filed the appendix when he filed his brief (or at least before Charter filed its brief), and (iii) Uzoigwe's host of procedural deficiencies, which includes his inadequate appendix, has prejudiced Charter and unnecessarily increased litigation costs.[3] *See Michael Bandler, MB & Co. Ltd. v. BPCM NYC, Ltd.*, 631 F. App'x 71, 71 (2d Cir. 2016) (Summary Order) (refusing to grant leave to file additional papers because granting leave prejudiced opposing party).

This Court has repeatedly held that compliance with the Federal Rules of Appellate Procedure is mandatory, and that failure to comply with the Rules subjects a brief to dismissal. L.R. 28.1; D.E. 49.1 at 37–39 (explaining this Court routinely dismisses briefs for failure to comply with Federal Rules of Appellate Procedure). As this case epitomizes, these Rules are mandatory for good reason: Uzoigwe's

---

[2] *See* (D.E. 21.1; 25.2; 32.1; 42.1; 44.1.) Until now, Charter has not contested Uzoigwe's previous request to file a supplemental appendix given his *pro se* status. But his post-hoc attempt to file yet another appendix to address his failure to comply with the procedural requirements set forth in the FRAP and this Court's Local Rules is improper. *See* (D.E. 41.1.)

[3] As another example of Uzoigwe unnecessarily increasing the costs of this appeal and disregarding procedural requirements, he has also filed a frivolous 23-page "request for judicial notice." This motion regurgitates arguments in the appellate briefing and seeks to raise new arguments—though, as set forth in Charter's Appellee Brief, it is difficult to decipher what assignment of error Uzoigwe is appealing in the first place. Charter will oppose this motion by its November 29, 2024 deadline to respond.

failure to comply has prejudiced Charter, as explained in Charter's Appellee Brief. (D.E. 49.1 at 37–39.) Now, only after Charter filed its Appellee Brief, in which it pointed out Uzoigwe's numerous procedural deficiencies, does Uzoigwe attempt to correct his non-compliant appendix.

Accordingly, Charter does not consent to Uzoigwe's belated attempt to cure the appendix and requests that this Court dismiss Uzoigwe's Appellant's Brief in its entirety due to his failure to comply with the FRAP and this Court's Local Rules.

DATED: November 20, 2024          */s/ Shawna M. Miller*
                                                                  Shawna M. Miller
                                                                  KABAT CHAPMAN & OZMER LLP
                                                                  171 17th Street NW, Suite 1550
                                                                  Atlanta, GA 30363
                                                                  (404) 400-7300
                                                                  smiller@kcozlaw.com

                                                                  Counsel for Defendant-Appellee
                                                                  Charter Communications, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2024, I electronically filed the foregoing document with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Shawna M. Miller*
Shawna M. Miller
Counsel for Defendant-Appellee

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 590 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced 14-point Times New Roman typeface using Microsoft Word.

*/s/ Shawna M. Miller*
Shawna M. Miller
Counsel for Defendant-Appellee